1   Marvin H. Kleinberg (State Bar No. 24,953)
    mkleinberg@kleinberglerner.com
2   Michael W. Carwin (State Bar No. 309,696)
    mcarwin@kleinberglerner.com
3   KLEINBERG & LERNER, LLP
    1875 Century Park East, Suite 1150
4   Los Angeles, California 90067-2501
    Telephone:(310) 557-1511
5   Facsimile: (310) 557-1540

6   Henry Jannol (State Bar No. 66,309)
    hnj@smbgroup.com
7   Law Offices of Henry N. Jannol, P.C.
    10850 Wilshire Boulevard, Suite 825
8   Los Angeles, CA 90024-4644
    Telephone:(310) 552-7500
9   Facsimile: (310) 552-7552

10  Attorneys for Plaintiff
    **Gym Rax International, Inc.**
11

12              **UNITED STATES DISTRICT COURT**
13              **CENTRAL DISTRICT OF CALIFORNIA**
14

15  GYM RAX INTERNATIONAL, INC.,    | Case No.
    a Nevada corporation,
16                                    | **COMPLAINT FOR FEDERAL**
                                      | **TRADEMARK INFRINGEMENT,**
17              Plaintiff,            | **FEDERAL UNFAIR COMPETITION**
                                      | **AND FALSE DESIGNATION OF**
18         v.                         | **ORIGIN, COMMON LAW**
                                      | **TRADEMARK INFRINGEMENT,**
19                                    | **FALSE ADVERTISING AND**
20  FITNESS ANYWHERE, LLC D/B/A      | **CALIFORNIA STATUTORY UNFAIR**
    TRX, a Delaware limited liability | **COMPETITION**
21  company, and DOES 1 through 10,
                                      | **DEMAND FOR JURY TRIAL**
22              Defendants.
23
24
25
26
27
28

1
2
3

Plaintiff Gym Rax International, Inc. ("Gym Rax"), by its attorneys, for its complaint against Defendant Fitness Anywhere, LLC d/b/a TRX ("TRX"), hereby alleges as follows:

4

## JURISDICTION AND VENUE

5
6
7
8
9
10

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) and 15 U.S.C. § 1121, as this is an action arising under the Trademark Laws of the United States. Plaintiff's trademark infringement, false designation of origin, and false advertising claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over the pendant state claims pursuant to 28 U.S.C. § 1367.

11
12
13
14
15
16
17
18

2.     This Court has jurisdiction over TRX as it has conducted and does conduct business within the State of California and within this judicial district. TRX directly and through intermediaries (including distributors, retailers, and others), offers for sale, sells, and advertises its products in the United States, the State of California and within this judicial district. TRX has purposefully and voluntarily offered for sale and sold one or more of its infringing products with the expectation that they will be purchased by consumers in the Central District of California.

19
20
21
22
23

3.     Venue is proper in the Central District of California under 28 U.S.C. §§ 1391 and 1400(b), as TRX has done business in this judicial district, has committed, and continues to commit, acts of trademark infringement in the State of California and in this judicial district and is subject to personal jurisdiction in this State and district.

24

## THE PARTIES

25
26
27

4.     Plaintiff Gym Rax is a corporation formed and existing under the laws of the State of Nevada having a principal place of business at 1730 Berkeley St., Santa Monica, California 90404.

28

1      5.    Defendant TRX is a limited liability company formed and existing

2  under the laws of the State of Delaware having a principal place of business at

3  1660 Pacific Ave, San Francisco, California 94109.

4      6.    The true names and capacities of Does one through ten, inclusive,

5  whether individual, corporate, associate or otherwise, are unknown to Plaintiff at

6  this time, who therefore sue said Defendants by such fictitious names, and when

7  the true names and capacities of such Defendants are ascertained, Complainant will

8  ask leave of Court to amend this Complaint to insert the same.

9      7.    Plaintiff is informed and believes, and thereon alleges, that each of the

10  Defendants including the Doe Defendants, are liable in some manner for the events

11  and happenings herein alleged and that such manner legally caused the damages

12  herein set forth. Plaintiff is uncertain as to the manner of function of said

13  Defendants, and Plaintiff prays leave to amend this Complaint when the same has

14  been ascertained.

15  **FACTUAL BACKGROUND**

16      8.    Plaintiff Gym Rax is an industry leader in functional fitness facility

17  design, supply, and manufacture. Gym Rax sells various sporting and recreation

18  equipment, including steel frame rigs, floor markings, and storage racks

19  worldwide. Gym Rax sells its steel frame fitness equipment under the trademarks

20  GYM RAX™, FUNCTIONAL TRAINING ECOSYSTEM®, and

21  FACILITATING THE FUNCTIONAL™ (collectively, the "Infringed Marks"),

22  and also uses these marks for the planning and designing of high quality physical

23  fitness facilities. Gym Rax manufactures and sells its customizable steel frame

24  fitness equipment commercially and to its partners under private label. Exemplary

25  uses of the Infringed Marks on the Gym Rax website and a screenshot of the Gym

26  Rax website are provided below:

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

| GYM RAX™ | FUNCTIONAL TRAINING ECOSYSTEM® | FACILITATING THE FUNCTIONAL™ |
| --- | --- | --- |



16      9.      Since at least as early as 2015, Gym Rax continuously used the

17  Infringed Marks to market and sell its steel frame rigs throughout the United

18  States. Gym Rax has devoted substantial time, effort, and resources to the

19  development and extensive promotion of the Infringed Marks and the products

20  offered thereunder. As a result of Gym Rax's efforts, the public has come to

21  recognize and rely upon the Infringed Marks as an indication of the high quality

22  associated with Gym Rax's steel frame rigs.

23      10.      On March 28, 2017, the United States Patent and Trademark Office

24  ("PTO") issued to third party Fitness Ventures International, LLC ("Fitness

25  Ventures") U.S. Trademark Registration No. 5,170,181 for the mark

26  FUNCTIONAL TRAINING ECOSYSTEM® on the Principal Register in

27
28

connection with "Planning and designing of physical fitness facilities." A true and correct copy of this registration is attached as Exhibit 1.

11.     Fitness Ventures has assigned all worldwide right, title and interest in and to the FUNCTIONAL TRAINING ECOSYSTEM® mark to Plaintiff Gym Rax, together with the goodwill of the business symbolized by the FUNCTIONAL TRAINING ECOSYSTEM® mark, the right to sue for past infringements, and the registration and application thereof.

12.     One of the main ways potential customers discover Gym Rax products and its various features is by searching for the Infringed Marks on the World Wide Web. In doing so, customers access the Gym Rax website www.gymrax.com. Gym Rax designed its website to be appealing to potential customers and to facilitate a streamlined understanding of the nature of its company and the products it manufactures. Gym Rax has for many years maintained successful websites including images and video presentations that feature its fitness storage and suspension equipment which may be purchased by customers by first inquiring over the internet.

13.     Gym Rax has, with the development of its website, expended considerable sums of money as well as the time and effort of employees and agents of Gym Rax. Development of the website has involved the creation of attractive displays and product descriptions. The displays of products include text, graphics, videos, and photographs, all of which operate to present Plaintiff's products in a favorable and desirable light so as to promote sales of those products to customers. In addition to the Gym Rax website, Gym Rax has high exposure to buyers across all aspects of its industry including extensive advertising, appearances at numerous high-profile trade shows, and features in leading trade publications disseminated worldwide. The Infringed Marks conspicuously appear on the Gym Rax website, its products, and virtually all of its marketing materials.

1      14.    Defendant TRX sells fitness products and exercise programs under its

2    TRX brand name. TRX's products include heavy-duty, lightweight nylon

3    suspension bands developed for strength under heavy load. The suspension bands

4    are designed to be attached to a support structure, such as the steel frame rigs

5    designed and manufactured by Gym Rax. Defendant's Nylon suspension bands

6    include the Home Gym Suspension Trainer, Pro Suspension Trainer, Tactical

7    Suspension Trainer, and Go Suspension Trainer.

8      15.    In January of 2016, TRX entered into an agreement with Fitness

9    Ventures, a Gym Rax distributor. The agreement involved, *inter alia*, the sale of

10    certain fitness equipment bearing the GYM RAX™ trademark. Gym Rax includes

11    its GYM RAX™ trademark on its steel frame rigs so there is no question as to the

12    source of the steel frame rigs down the supply chain. The GYM RAX™ trademark

13    also provides its distributors with a competitive advantage because customers

14    associate GYM RAX™ trademark with Gym Rax's meticulous design and high

15    quality manufacture. At the time TRX entered into its agreement with Fitness

16    Ventures, TRX did not design or manufacture any steel frame rigs remotely

17    resembling the likeness or functionality of any kind to that of Gym Rax.

18      16.    Around March of 2017, Gym Rax discovered that TRX was offering

19    to sell and selling equipment that looked similar and/or identical to the Gym Rax

20    steel frame rigs and storage systems using the Infringed Marks. On information

21    and belief, Defendant contacted a manufacturer in China to "knock-off" the Gym

22    Rax equipment and began selling equipment that was of lesser quality, yet

23    continued associating the knock-off gym equipment with the Infringed Marks.

24      17.    The Gym Rax equipment and trademarks were and are prominently

25    featured on TRX's web site and in videos available on its website. For example,

26    TRX continued displaying the GYM RAX™ mark on its marketing materials even

27    though the source of the gym equipment being sold was no longer GYM RAX™.

28

Examples of TRX's flagrant use of the Infringed Marks, with emphasis added, are provided below:



18.     In addition to the use of the Infringed Marks on its website, TRX continues to associate its knock-off gym equipment with Gym Rax using social media and other third-party advertisers. For example, TRX refers to its knock-off

products as being the Gym Rax FUNCTIONAL TRAINING ECOSYSTEM® on its Facebook page (depicted below with emphasis added):



19.   Customers who search third party search engines for the Gym Rax marks are brought to the TRX website, and on information and belief, believe TRX is selling the Gym Rax equipment. A Google search for the FUNCTIONAL TRAINING ECOSYSTEM® and FACILITATING THE FUNCTIONAL™ marks brings up search results that include the TRX website. Example Google search results for FUNCTIONAL TRAINING ECOSYSTEM® are provided below (emphasis added):

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15  20.  TRX's copying was not limited to Gym Rax's trademarks and

16  gym equipment. TRX also brazenly copied the names of Gym Rax's equipment

17  and substantial portions of the Gym Rax website, including the website's text,

18  graphics, and videos independently created by Gym Rax. Examples of TRX's

19  plagiarism are provided below:

20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Image from the Gym Rax Website**

MODULARITY

GYM RAX Storage and Suspension systems begin with a single Bay and end where and when you need them to. Use them to support group studios, dynamic training areas, flexibility zones, or anywhere you need a little extra organization or functional training support.

**Image from the TRX Website (emphasis added)**

# TRX TRAINING ZONE BAY SOLUTIONS

NEW

★ ★ ★ ★ ★ ( 0 Reviews )   Write a Review

Storage and Suspension Training systems begin with a single Bay and end where and when you need them to. Use Bays to support group studios, dynamic training areas, flexibility zones, or anywhere you need a little extra organization or functional training support.

TRX Bays include optional mounted TV and/or self-guided exercise branding options for: mobility, functional training, upper body, lower body, and core.

- 10 -
**COMPLAINT**

**Image from the Gym Rax Website**



GYM RAX - BI-DIRECTIONAL

The GYM RAX Bi-Directional system is floor mounted and does not require a wall-based installation, which permits the ability for a freestanding configuration. The Bays are highly configurable and may be used for dedicated storage or combined with suspension systems. Customize by selecting various RAX, Wall Bars and Pull-Up Bars or connect additional Bays and Bridges in support of unlimited training possibilities.

**Image from the TRX Website (emphasis added)**



PRODUCT INFORMATION

Bays are highly configurable and may be used for dedicated storage or combined with Suspension Training systems. Additionally, the Bi-Directional system is floor mounted and does not require a wall-based installation, which permits the ability for a freestanding configuration. Customize by selecting various Wall Bars and Pull-Up Bars or connect additional Bays and Bridges in support of unlimited training possibilities.

**COMPLAINT**

1
2
3
4
5
6
7
8

**Image from the Gym Rax Website**

GYM RAX - THE FUNCTIONAL CORNER

Corner Suspension Bays are highly
configurable and may be used for
dedicated storage or combined with
suspension systems. Customize by
selecting various RAX, Wall Bars and
Pull-Up Bars or connect additional Bays
and Bridges in support of unlimited
training possibilities.

9
10
11
12
13
14
15

**Image from the TRX Website (emphasis added)**

PRODUCT INFORMATION

Like all of the TRX Training Zone Solutions, TRX Corner Bays are highly configurable and may be used for
dedicated storage or combined with Suspension systems. Customize by selecting various Wall Bars,
Suspension Anchoring options, Pull-Up Bars or connect additional Bays and Bridges in support of unlimited
training possibilities.

16      21.    Defendant has sold, and continues to sell, its knock-off equipment by
17   using the Infringed Marks and Gym Rax proprietary steel rig design in its
18   advertisements. On information and belief, TRX also continues to market its
19   knock-off gym equipment by falsely telling people at trade shows and other sales
20   events that Gym Rax is the source of the gym equipment it sells.

21      22.    Customers are misled into purchasing gym equipment believing that
22   Gym Rax is the source of the steel frame rigs, but instead customers receive a
23   cheap knock-off manufactured in China for TRX. Defendant TRX has and
24   continues to dupe customers through this "bait-and-switch" or "palming off" scam.

25      23.    On information and belief, TRX also markets using its own knock-off
26
27
28

**COMPLAINT**

prototype representing to potential customers that the prototype is the same as the equipment manufactured by Gym Rax. Purchasers have and will continue to associate the low quality of the knock-offs with Gym Rax's proprietary steel frame rigs.

24.     On information and belief, TRX continues to associate its knock-off gym equipment with the Infringed Marks and has and remains in process of aggressively spreading this false information to its third party retailers, thereby creating an overwhelmingly extensive magnification of the resulting confusion in the marketplace.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement under 15 U.S.C. § 1114

25.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

26.     The actions of Defendant TRX described above and specifically, without limitation, their unauthorized use of the FUNCTIONAL TRAINING ECOSYSTEM® trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell planning and designing of physical fitness facilities throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. § 1114.

27.     The actions of the Defendant TRX, if not enjoined, will continue. Gym Rax has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the FUNCTIONAL TRAINING ECOSYSTEM® mark, the injury to Gym Rax's businesses. Gym Rax is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

28.     Pursuant to 15 U.S.C. § 1117, Gym Rax is entitled to recover damages in an amount to be determined at trial, profits by TRX on sales of its products, and

the costs of this action. Furthermore, Gym Rax is informed and believes, and on that basis alleges, that the actions of TRX were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Gym Rax to recover additional treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

<u>Federal Unfair Competition and False Designation of Origin under 15 U.S.C. 1125(a)</u>

29.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

30.    Defendant TRX has deliberately and willfully attempted to trade on Gym Rax's longstanding and hard-earned goodwill in its marks and the reputation established by Gym Rax in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of TRX's goods and to pass off their products and services in commerce as those of Gym Rax. The use of Gym Rax's unregistered common law trademarks constitutes a false designation of origin, leading to confusion, deception, and mistake.

31.    Defendant TRX's unauthorized and tortious conduct has also deprived and will continue to deprive Gym Rax of the ability to control the consumer perception of their products and services offered under Gym Rax's marks, placing the valuable reputation and goodwill of Gym Rax in the hands of TRX.

32.    Defendant TRX's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of TRX and their schemes with Gym Rax, and as to the origin, sponsorship or approval of TRX and their products and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

33.    Defendant TRX had direct and full knowledge of Gym Rax's prior use

of and rights in its marks before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

34.    As a result of Defendant TRX's aforesaid conduct, Gym Rax has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Gym Rax in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Gym Rax has no adequate remedy at law. Gym Rax will continue to suffer irreparable harm unless this Court enjoins Defendant TRX's conduct.

## THIRD CAUSE OF ACTION

Federal Unfair Competition and False Designation of Origin under 15 U.S.C. 1125(a)

35.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

36.    Since at least late 2016, and continuing thereafter, Defendant TRX has engaged in a plan, program, or campaign to deceptively advertise, market, promote, offer for sale, or sell knock-off versions of Gym Rax's gym equipment throughout the United States.

37.    Defendant TRX has been using Gym Rax equipment and the Infringed Marks in its advertising to sell knock-off versions manufactured in China of significantly lesser quality and craftsmanship than Gym Rax's equipment. On information and belief, TRX has advertised using Gym Rax equipment containing the GYM RAX™ mark to sell low quality knock-offs of the Gym Rax equipment. Unsuspecting customers are subjected to TRX's "bait-and-switch" scam, and customers are duped into thinking they will receive equipment manufactured by Gym Rax but instead receive equipment significantly different than the product shown.

38.     By its actions, Defendant TRX has been and is advertising a "floor model" that it is not selling, and has and continues to market its knock-off products using Gym Rax images.

39.     Members of the public rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint. In fact, unsuspecting customers have relied, and continue to rely, upon the advertisements and misrepresentations to their detriment.

40.     The above described false, misleading, and deceptive advertising Defendant Fitness Anywhere disseminated continues to have a likelihood to deceive in that Defendant TRX has failed to disclose the true and actual nature of the goods being sold.

41.     TRX's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of TRX and its schemes with Gym Rax, and as to the origin, sponsorship or approval of TRX and its products and services, constituting a false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

42.     TRX had direct and full knowledge of Gym Rax's rights in its marks and equipment before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

43.     As a result of Defendant TRX's aforesaid conduct, Gym Rax has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Gym Rax. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Gym Rax has no adequate remedy at law. Gym Rax will continue to suffer irreparable harm unless this Court enjoins Defendant TRX's conduct.

## FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

44.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

45.    By reason of Gym Rax's continuous use and promotion of the Infringed Marks, as well as the distinctiveness of the marks, consumers associate and recognize the marks as representing a single source or sponsor of goods, and therefore Gym Rax's trademarks are protectable at common law.

46.    Gym Rax owns and enjoys common law trademark rights in the Infringed Marks, which rights are superior to any rights that Defendant TRX may claim in and to the trademarks with respect to its products. The Infringed Marks are inherently distinctive and have acquired secondary meaning with the trade and consuming public, and/or have become distinctive in the minds of customers, in that the Infringed Marks are associated with Gym Rax.

47.    Defendant TRX's use of the Infringed Marks in connection with the advertising, distribution, marketing, promotion, offer for sale, and/or sale of TRX's gym equipment and related products is likely to cause confusion and, on information and belief, has caused confusion as to the source of TRX's products, in that customers will be likely to associate or have associated such products as originating with Gym Rax, all to the detriment of Gym Rax.

48.    By reason of Defendant TRX's actions alleged herein, Gym Rax has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of the Infringed Marks, unless and until TRX is enjoined from continuing its wrongful acts.

49.    By reason of Defendant TRX's actions alleged herein, Plaintiff has been damaged in an amount not presently ascertained, and such damage will

continue and increase unless and until Defendant TRX is enjoined from continuing its wrongful acts.

## FIFTH CAUSE OF ACTION

<u>Untrue or Misleading Advertising – Bus. & Prof. Code § 17500</u>

50. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

51. Since at least late 2016, and continuing thereafter, Defendant TRX has engaged in a plan, program, or campaign to deceptively advertise, market, promote, offer for sale, or sell knock-off versions of Gym Rax's gym equipment throughout the United States.

52. Defendant TRX has been advertising Gym Rax's proprietary design and using the Infringed Marks to sell knock-off versions manufactured in China of significantly lesser quality and craftsmanship than Gym Rax's designs. Unsuspecting customers are subjected to TRX's "bait-and-switch" scam, and customers are duped into thinking they will receive the product shown on the website and in the videos but instead receive equipment significantly different than the product shown.

53. California Business & Professions Code § 17500 *et seq*. prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products such as the knock-off goods sold by TRX.

54. By its actions, TRX has been and is advertising a "floor model" that it is not selling, and has and continues to market its knock-off products using Gym Rax's images and the Infringed Marks.

55. The nature of the advertisements is unfair, deceptive, untrue, or misleading within the meaning of California Business & Professions Code § 17500 *et seq*. Such advertisements are likely to deceive, and continue to deceive, the

consuming public for the reasons detailed above.

56.     Members of the public rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint. In fact, unsuspecting customers have relied, and continue to rely, upon the advertisements and misrepresentations to their detriment.

57.     The above described false, misleading, and deceptive advertising TRX disseminated continues to have a likelihood to deceive in that Defendant TRX has failed to disclose the true and actual nature of the goods being sold.

## SIXTH CAUSE OF ACTION

### Unfair Competition - Bus. & Prof. Code § 17200 *et seq*.

58.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

59.     Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

60.     Section 17200 specifically prohibits any "***unfair*** . . . business act or practice." Defendant TRX has violated § 17200's prohibition against engaging in an unfair act or practice by, *inter alia*, using the Infringed Marks and incorrectly asserting that Defendant TRX's steel rigs are manufactured by Gym Rax.

61.     Gym Rax and Defendant TRX were initially successful in their collaborative business venture. Gym Rax would manufacture high quality steel frame rigs, floor markings, and storage racks, and TRX would exploit its recognition in the industry to develop new business relationships.

62.     Through the course of Defendant TRX's dealings, customers began recognizing the quality of Gym Rax's steel frame rigs. The customers were aware that the equipment was manufactured by Gym Rax, either by association with the Infringed Marks, which appeared on the steel frame rigs, or through TRX's

representations.

63.     As described above, sometime around the demise of the business relationship, Defendant TRX began knocking off Gym Rax's steel frame rigs while continuing to use the Infringed Marks and images of Gym Rax's equipment on its websites and video presentations. TRX began displaying its new prototype at various trade shows, which it touted was nearly identical to Gym Rax's equipment. To unsophisticated customers, the prototype appeared to be manufactured by Gym Rax.

64.     Defendant TRX has and continues to solicit business by saying the prototypes are manufactured by Gym Rax, and often markets its knock-off products using the Infringed Marks. The prototype, however, is a cheap, low quality knock-off of Gym Rax's equipment. Customers and potential customers thereby associate Defendant TRX's cheap knock-offs with Gym Rax's high quality steel frame rigs. As a result, customers and potential customers have avoided using Gym Rax as a manufacturer because they believe their manufacturing and build is of low quality, resulting in significant economic harm to Gym Rax in an amount that is yet to be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Gym Rax prays for an Order and Judgment as follows:

1.     Entry of an order (on a preliminary and permanent basis) requiring that Defendant TRX and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

(a)     Using in any manner the GYM RAX™, FUNCTIONAL TRAINING ECOSYSTEM®, and FACILITATING THE FUNCTIONAL™ marks, or any name, mark that wholly incorporates the marks or is confusingly similar to or a colorable imitation of these

marks;

(b)     Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Plaintiff's products or services as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Defendant TRX and Plaintiff;

(c)     Making any representations, express or implied, that Plaintiff is affiliated with or sponsor or approve of Defendant TRX or its products or services; and

(d)     Using the plagiarized language identified under paragraph 19 of this Complaint.

2.     Ordering Defendant TRX to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of Plaintiff's names or marks, or otherwise in furtherance of the scheme alleged herein;

3.     Directing Defendant TRX to provide an accounting of profits made by it as a result of its unlawful conduct;

4.     Ordering Defendant TRX, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendant TRX have complied with the injunction, including ceasing all offering of services under Plaintiff's marks or images of Plaintiff's equipment as set forth above;

5.     Ordering Defendant TRX to pay a judgment in the amount of Plaintiff's actual damages under 15 U.S.C. § 1117 and California law, as well as

Defendant TRX's profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

6.     Ordering Defendant TRX to pay Plaintiff's reasonable attorney's fees and costs of this action under 15 U.S.C. § 1117 and/or California law;

7.     Ordering Defendant TRX to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under California law as appropriate; and

8.     Granting Plaintiff such other and further relief as the Court deems just and proper.

KLEINBERG & LERNER, LLP

Dated: June 12, 2017          By:   */s/ Marvin H. Kleinberg*
                                   Marvin H. Kleinberg
                                   Michael W. Carwin
                                   Attorneys for Plaintiff

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Gym Rax hereby demands a trial by jury on all matters so triable.


KLEINBERG & LERNER, LLP


Dated: June 12, 2017          By:    */s/ Marvin H. Kleinberg*
                                    _____
                                    Marvin H. Kleinberg
                                    Michael W. Carwin
                                    Attorneys for Plaintiff